# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal Action No. 3:19-cr-12–HEH |
| | ) |
| PEONTE SHAMAR SPENCER, | ) |
| | ) |
| Petitioner. | ) |

## MEMORANDUM OPINION
(Denying 28 U.S.C. § 2255 Motion)

Peonte Shamar Spencer ("Spencer"), a federal inmate proceeding *pro se*, brings this 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. ("§ 2255 Motion," ECF No. 39.) Spencer contends that he is entitled to relief on the following grounds:[1]

Claim One    "Spencer's § 924(c) convictions must be vacated . . . because the underlying predicate offense of 'Hobbs Act robbery' no longer categorically qualif[ies] as [a] 'crime of violence.'" (*Id.* at 4.)

Claim Two    Counsel was ineffective because he "fail[ed] to properly object to the calculation of Spencer's sentence." (*Id.* at 5.)

The Government has filed a response in which it argues that Claims One and Two lack merit. (ECF No. 44.) Spencer has replied. (*See* ECF Nos. 47, 50, 51.) For the reasons set forth below, Claims One and Two will be dismissed, and the § 2255 Motion will be denied.

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system in citations to the record. The Court corrects the capitalization, punctuation, and spelling, and omits any emphasis and symbols in quotations from the parties' submissions.

## I. PROCEDURAL HISTORY

On March 20, 2019, a grand jury returned a Superseding Indictment charging Spencer with: three counts of armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and 2113(d) (Counts One, Two, and Six); three counts of interference with commerce by threats and violence ("Hobbs Act robbery"), in violation of 18 U.S.C. § 1951(a) (Counts Three, Four, and Five); and six counts of brandishing a firearm in furtherance of a crime of violence based on the crimes charged in Counts One through Six, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Counts Seven through Twelve). (ECF No. 12 at 1–7.)

On May 17, 2019, Spencer entered a Plea Agreement (ECF No. 17) with the Government and signed an accompanying Statement of Facts (ECF No. 18). Spencer agreed to plead to Counts Three through Five (Hobbs Act robbery), Count Six (armed bank robbery), and Counts Nine through Eleven (brandishing a firearm in furtherance of a crime of violence). (*See* ECF No. 17 at 1.) In exchange for his guilty pleas to these counts, the Government agreed to move to dismiss the remaining charges. (*Id.* at 7.)

On that same day, May 17, 2019, Spencer appeared before this Court and entered guilty pleas to Counts Three through Six, and Nine through Eleven. (ECF No. 16 at 1.) The Court accepted Spencer's guilty pleas and found him guilty of those seven counts. (*See id.*)

A Presentence Investigation Report ("PSR") was generated by the probation officer. (ECF No. 28.) Spencer received a Total Offense Level of 28 and a Criminal History Category of V. (*Id.* ¶¶ 124–25.) Spencer's advisory guidelines range for Counts

2

Three through Six was 130 to 162 months of incarceration. (*Id.* ¶ 125.) The PSR also highlighted the fact that Spencer faced mandatory seven–year consecutive sentences for each of Counts Nine, Ten, and Eleven, respectively. (*Id.*)

On September 6, 2019, Spencer appeared before the Court for sentencing. (*See* ECF No. 32.) Neither party objected to the PSR. (*See* ECF Nos. 26, 27.) The parties made a joint motion for a downward variance on Counts Three through Six (*see* ECF No. 30), which the Court granted. (*See* ECF No. 32 at 1.) After hearing statements from counsel and Spencer (*see id.*), the Court sentenced Spencer to 84 months of incarceration on each of Counts Three, Four, Five, and Six, with each sentence to be served concurrently with one another. (ECF No. 34 at 2.) The Court then sentenced Spencer to 84 months of incarceration on each of Counts Nine, Ten, and Eleven, with each sentence to be served consecutive to each other and to Counts Three through Six. (*Id.*) In total, Spencer received an aggregate sentence of 336 months of incarceration.[2] (*Id.*) On the Government's motion, the Court "dismissed the original Indictment and the remaining counts in the Superseding Indictment (Counts 1, 2, 7, 8, and 12)." (*Id.* at 1.)

## II. ANALYSIS

### A. Claim One

In Claim One, Spencer argues that his convictions on Counts Nine, Ten, and Eleven, for violating 18 U.S.C. § 924(c), must be vacated, "because the underlying

---

[2] Pursuant to the Plea Agreement, the parties agreed to jointly recommend this sentence to the Court. (*See* ECF No. 17 at 4.)

3

predicate offense of 'Hobbs Act robbery' no longer categorically qualif[ies] as [a] 'crime of violence.'" (ECF No. 39 at 4.) Spencer is simply wrong.

Title 18 U.S.C. § 924(c)(1)(A) provides for consecutive periods of imprisonment when a defendant uses or carries a firearm in furtherance of a crime of violence. The baseline additional period of imprisonment is five years. *Id.* § 924(c)(1)(A)(i). If the defendant brandishes the firearm, that period of imprisonment increases to at least seven years. *Id.* § 924(c)(1)(A)(ii). And, if the defendant discharges the firearm, the additional period of imprisonment increases to at least ten years. *Id.* § 924(c)(1)(A)(iii).

Historically, the United States could demonstrate that an underlying offense constituted a crime of violence if it established that the offense was a felony and satisfied one of two requirements. Namely, the statute defined a crime of violence as any felony:

> **(A)** [that] has as an element the use, attempted use, or threatened use of physical force against the person or property of another [(the "elements clause")], or
> **(B)** that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [(the "residual clause")].

*Id.* § 924(c)(3).

However, in June 2019, the Supreme Court invalidated the residual clause of § 924(c). *See United States v. Davis*, 139 S. Ct. 2319, 2336 (2019) (holding that "§ 924(c)(3)(B) is unconstitutionally vague"). Thus, after *Davis*, for a § 924(c) conviction to pass constitutional muster, it must be predicated on a crime of violence that satisfies the elements clause of § 924(c).

The Superseding Indictment clearly alleges that the § 924(c) violation contained in

4

Count Nine is based on the Hobbs Act robbery alleged in Count Three, that the § 924(c) violation contained in Count Ten is based on the Hobbs Act robbery alleged in Count Four, and that the § 924(c) violation contained in Count Eleven is based on the Hobbs Act robbery alleged in Count Five. (ECF No. 12 at 6–7.) Spencer pled guilty to the Hobbs Act robberies alleged in Counts Three through Five, respectively (*see* ECF No. 17 at 1), and he stipulated that the Government's evidence was sufficient to establish his guilt beyond a reasonable doubt (*see* ECF No. 18 at 1–7). Thus, the only issue before the Court is whether Hobbs Act robbery constitutes a crime of violence that satisfies the elements clause of § 924(c).

The United States Court of Appeals for the Fourth Circuit has answered this question in the affirmative. *See United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019) (rejecting arguments that after *Davis* a Hobbs Act robbery does not qualify as a crime of violence and concluding that it satisfies the elements clause); *see also United States v. McNeal*, 818 F.3d 141, 157 (4th Cir. 2016) (concluding that bank robbery is a crime of violence under the elements clause). Therefore, Spencer's convictions in Counts Nine, Ten, and Eleven are predicated upon valid crimes of violence under the elements clause. Accordingly, Claim One lacks merit and will be dismissed.

**B. Claim Two**

In Claim Two, Spencer alleges that counsel was ineffective because he did not "object to the calculation of Spencer's sentence." (ECF No. 39 at 5.) Spencer offers no authority to support this position, aside from his own terse, conclusory, and, often, erroneous interpretations of the law. *See Sanders v. United States*, 373 U.S. 1, 19 (1963)

5

(finding denial of § 2255 motion appropriate where it "stated only bald legal conclusions with no supporting factual allegations"). As discussed below, Spencer harbors several fundamental misunderstandings of the law that render Claim Two meritless.

To demonstrate ineffective assistance of counsel, a convicted defendant must show, first, that counsel's representation was deficient, and second, that the deficient performance prejudiced the defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

To the extent that Spencer believes that counsel should have objected to him being convicted on Counts Nine, Ten, and Eleven, because he erroneously believes that Hobbs Act robbery "no longer categorically qualify as [a] 'crime of violence,'" (*see* ECF No. 40 at 34), he has failed to demonstrate that counsel was deficient, much less that he suffered any prejudice. As discussed above, post-*Davis*, Hobbs Act robbery remains a valid predicate for § 924(c) convictions. *See* Section II.A., *supra*. Thus, counsel was not

deficient for failing to make such a frivolous argument.

Spencer has also failed to demonstrate that counsel erred by not objecting to the "application of the constructive statutory penalty section of 924(c)," which resulted in him receiving "84–month consecutive sentences on [Counts Nine, Ten, and Eleven]." (*See* ECF No. 40 at 34.) In his Reply, Spencer posits that his consecutive sentences on Counts Nine, Ten, and Eleven, should have been "five years each for a total of fifteen (15) years," rather than seven years each, for a total of twenty-one years. (*See* ECF No. 51 at 3.) This argument appears to be based on Spencer's erroneous belief that his sentence was influenced by a practice commonly known as "stacking." (*See id.*)

Historically, when a defendant was convicted of multiple § 924(c) offenses in a single prosecution, the mandatory penalty for the second and each subsequent conviction increased to 25 years of incarceration. *See United States v. Grant*, No. 3:15CR53, 2020 WL 3104524, at *1 n.1 (E.D. Va. June 11, 2020). This process, known as "stacking," was allowed because the Supreme Court held that "even when multiple counts under § 924(c) were in the same indictment or criminal information, the conviction on the first [§ 924(c)] count did not have to be final before the mandatory increases and stacking provisions were triggered." *Id.* (citing *Deal v. United States*, 508 U.S. 129 (1993)). However, "[i]n 2018, Congress changed the law so that, going forward, only a second § 924(c) violation committed 'after a prior [§ 924(c)] conviction . . . has become final' will trigger the 25–year minimum." *Davis*, 139 S. Ct. 2324 n.1 (alteration and omission in original) (citing the First Step Act of 2018, Publ. L. No. 115–391, § 403(a), 132 Stat. 5221 (2018)).

7

Here, contrary to his apparent belief, Spencer did not receive "stacked" sentences for his three § 924(c) convictions. If he had, his aggregate sentence on Counts Nine, Ten, and Eleven, would have been at least 57 years, rather than the 21 years that he received. Instead, Spencer merely received mandatory consecutive periods of imprisonment for his multiple convictions of brandishing a firearm, which is still required under the law. *See* 18 U.S.C. § 924(c)(1)(A)(ii); *see also id.* § 924(c)(1)(D)(ii) ("no term of imprisonment imposed on a person under this section shall run concurrently with any other term of imprisonment imposed . . . .").

Moreover, Spencer has failed to offer any authority to support his belief that he should have been sentenced to five years on each of Counts Nine, Ten, and Eleven. To the contrary, the five–year sentence that Spencer believes that he is entitled to is the baseline available under § 924(c), reserved for those who merely possess a firearm during a crime of violence or drug trafficking crime. *Id.* § 924(c)(1)(A)(i).

In this instance, Spencer did not merely possess a firearm during the three Hobbs Act robberies underlying his convictions on Counts Nine, Ten, and Eleven. Rather, Spencer stipulated that he *brandished* a firearm in each of the three Hobbs Act robberies to which he pled guilty. (ECF No. 18 at 2–4.) Accordingly, Spencer was properly sentenced to seven-year consecutive terms of incarceration on each of Counts Nine, Ten, and Eleven. *See id.* § 924(c)(1)(A)(ii). Once again, Spencer has failed to demonstrate that counsel erred by failing to make a frivolous objection.

Because Spencer has failed to demonstrate that counsel was deficient, much less that he suffered any actual prejudice as a result, he has failed to demonstrate ineffective

8

assistance of counsel. Accordingly, Claim Two will be dismissed.

### III. CONCLUSION

For the reasons stated above, Claims One and Two will be dismissed. The § 2255 Motion (ECF No. 39) will be denied. The action will be dismissed. A certificate of appealability will be denied.[3]

An appropriate Order shall accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: February 1, 2023
Richmond, Virginia

---

[3] An appeal may not be taken from a final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Spencer has not met this standard.